# In the United States Court of Appeals for The Third Circuit

Solar Energy Industries Ass'n and Invenergy Renewables LLC,

*Petitioners*,

v.

Federal Energy Regulatory Commission,

*Respondent*.

No. 25-2124

## Motion of Respondent Federal Energy Regulatory Commission to Hold Appeal in Abeyance

On July 28, 2025, Respondent Federal Energy Regulatory Commission ("Commission" or "FERC") issued an order responding to multiple requests for agency rehearing (filed by, among other parties, Petitioners Solar Energy Industries Association and Invenergy Renewables LLC) of the Commission's initial order in the matter here on judicial review. *See PJM Interconnection, L.L.C.*, "Order Accepting Tariff Revisions," 190 FERC ¶61,084 (Feb. 11, 2025) ("Initial Order"), *on reh'g*, "Order Addressing Arguments Raised on Rehearing and Clarification,"

192 FERC ¶61,085 (July 28, 2025) ("Rehearing Order"). That same day, the Commission filed the certified index to the record with this Court.

On July 29, the Court issued a pro forma briefing schedule and ordered Petitioners to file their opening brief by September 8, 2025. The Commission now moves to suspend the briefing schedule and hold the above-captioned appeal in abeyance for 65 days—i.e., until October 1, 2025. The parties would then file a motion(s) to govern—including a proposed briefing schedule—within 14 days thereafter. Intervenors PJM Interconnection, L.L.C. and Constellation Energy Generation, LLC consent to the relief requested in this motion; Petitioners oppose the relief requested.

Abeyance is warranted because it is not clear either that the agency proceeding is final or that all parties who intend to seek judicial review have done so. *First*, in appropriate circumstances, an aggrieved party may seek further rehearing of an order *on* rehearing within 30 days. *See* 16 U.S.C. §825*l*(a); *Town of Norwood v. FERC*, 906 F.2d 772, 775 (D.C. Cir. 1990). Without (yet) knowing whether any such rehearing applications will be filed, it is uncertain whether the agency proceeding is, in fact, final. *See Valero Interstate Transmission Co. v. FERC*, 903 F.2d 364, 368 (5th Cir. 1990) (recognizing that a rehearing application with FERC "prevent[s] [an initial order] from becoming final"). It is therefore

premature to proceed with appellate briefing before it is known whether any party will seek further agency rehearing. *See Outland v. Civil Aeronautics Bd.*, 284 F.2d 224, 227–228 (D.C. Cir. 1960) ("Practical considerations … dictate that when a petition for rehearing is filed, review may properly be deferred until this has been acted upon.").

*Second*, the Federal Power Act vests aggrieved parties with the right to seek judicial review anytime within 60 days from the date of the July 28, 2025 Rehearing Order. *Am. Whitewater v. FERC*, 125 F.4th 1139, 1151–1152 (D.C. Cir. 2025) (citing 16 U.S.C. §825*l*(b)). Eleven parties sought agency rehearing of the Initial Order, meaning 11 parties—not just the two Petitioners here—are eligible to petition for judicial review of both the Initial *and* Rehearing Orders. *See* 16 U.S.C. §825*l*(b). None have yet to do so, but they have until September 26, 2025 to make that decision.

Congress' choice of affording parties 60 days to decide whether judicial review is warranted makes particular sense where the Commission issues, as it has done here, a fulsome order on rehearing. The Rehearing Order spends 91 pages responding to the numerous concerns that 11 parties (including the two Petitioners) raised regarding the Initial Order. Parties once aggrieved by the Initial Order may alter their calculus on appeal now that the Commission has responded to their

3

objections. Indeed, the purpose of the Federal Power Act's rehearing requirement is to ensure that the Commission has "an opportunity to bring its knowledge and expertise to bear on an issue before it is presented to a generalist court," including by "correct[ing] its errors." *Granholm ex rel. Mich. Dep't of Nat. Res. v. FERC*, 180 F.3d 278, 281 (D.C. Cir. 1999) (cleaned up).

Abeyance pending expiration of the 60-day period also serves the interests of judicial economy and efficiency. If the parties were to commence briefing before that deadline, the Court (and perhaps multiple courts) could be confronted with multiple appeals running on multiple tracks, all challenging the same Commission orders. *See* 16 U.S.C. §825*l*(b) (permitting suit in the D.C. Circuit or another appropriate court of appeals). *Cf. State of Alaska v. FERC*, 980 F.2d 761, 764 (D.C. Cir. 1992) (deferring judicial review "to insist on the standard of one case, one appeal").

\*　　\*　　\*

For the foregoing reasons, the Commission respectfully requests that the Court suspend the July 29-issued briefing schedule and hold the above-captioned appeal in abeyance for 65 days—i.e., until October 1, 2025. At that time, assuming no further rehearing requests have been filed, the full complement of parties to the appeal will be known, thus facilitating an orderly and streamlined briefing process.

The parties would file a motion(s) to govern—including a proposed briefing schedule—within 14 days thereafter.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Robert H. Solomon<br>Solicitor |
|  | */s/ Jared B. Fish*<br>Jared B. Fish<br>Attorney |

Federal Energy Regulatory
  Commission
Washington, DC  20426
Tel.:  (202) 502-8101
Email: jared.fish@ferc.gov

August 1, 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this motion contains 775 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Equity A 14-point font using Microsoft Word 365.

/s/ Jared B. Fish
Jared B. Fish
Attorney

Federal Energy Regulatory
  Commission
Washington, DC  20426
Tel.:  (202) 502-8101
Email: jared.fish@ferc.gov

August 1, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Jared B. Fish
Jared B. Fish
Attorney