**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

| | | |
|---|---|---|
| SOLAR ENERGY INDUSTRIES ASSOCIATION; INVENERGY RENEWABLES LLC,<br><br>*Petitioners*,<br><br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>*Respondent.* | ) | No. 25-2124 |

**PETITIONERS' OPPOSITION TO FEDERAL ENERGY REGULATORY COMMISSION'S MOTION TO HOLD APPEAL IN ABEYANCE**

Melissa Alfano
Senior Director of
Energy Markets and Counsel
SOLAR ENERGY INDUSTRIES ASSOCIATION
1425 K Street, N.W.
Washington, DC 20005
Tel: (202) 556-2873
Email: malfano@seia.org

*Counsel for*
*Solar Energy Industries Association*

Steven M. Shparber
Omar Bustami
MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO
555 12th Street, N.W., Suite 1100
Washington, DC 20004
Tel: 202-434-7417
Email: SShparber@mintz.com
OBustami@mintz.com

*Counsel for*
*Solar Energy Industries Association*

Norman C. Bay
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC 20036
Tel: (202) 303 1155
Email: nbay@willkie.com

*Counsel for*
*Invenergy Renewables LLC*

**PETITIONERS' OPPOSITION TO FEDERAL ENERGY REGULATORY COMMISSION'S MOTION TO HOLD APPEAL IN ABEYANCE**

Pursuant to Federal Rules of Appellate Procedure ("FRAP") 27(a)(2) and 27(a)(3)(A), the Solar Energy Industries Association ("SEIA") and Invenergy Renewables, Inc. ("Invenergy") (together, "Petitioners") file this response in opposition to the Federal Energy Regulatory Commission ("Commission" or "Respondent")'s August 1, 2025 motion to hold the appeal proceeding in abeyance ("Abeyance Motion"). In the Abeyance Motion, the Commission requests that the Court suspend the Court-ordered briefing schedule until October 1, 2025, in order to allow an opportunity for additional parties to file petitions for review of the Commission's July 28, 2025 order addressing arguments on rehearing and clarification ("Rehearing Order"), which affirmed the Commission's prior holding, while modifying the discussion, in the underlying orders on review ("Orders on Review") consisting of: (1) *PJM Interconnection, L.L.C.*, Order Accepting Tariff Revisions, 190 FERC ¶ 61,084 (Feb. 11, 2025) ("RRI Order"); and (2) *PJM Interconnection, L.L.C.*, Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, 191 FERC ¶ 62,034 (Apr. 14, 2025).

Petitioners respectfully request that the Court reject the Abeyance Motion and direct the parties to resume briefing in accordance with the Court's July 29, 2025 briefing order, as temporarily stayed by the Court's August 4, 2025 directive.

A procedural recap: Petitioners filed a motion to expedite on June 27, 2025. The Commission opposed this motion on July 17, 2025 and instead requested a two-month extension to file the agency record. The Commission argued that this extension would allow it to issue a Rehearing Order. This Court denied both motions on July 24, 2025. The Commission did not seek reconsideration of the Court's order. Accordingly, the Commission was required to file the agency record on July 28, 2025. On July 28, 2025, the Commission issued its Rehearing Order and filed the agency record with this Court.

Despite having had its first motion for an extension rejected, on August 1, 2025, the Commission moved to hold the appeal in abeyance until October 1, 2025 (65 days) and to give the parties another 14 days to file a motion to govern with a proposed briefing schedule. The Commission argues that it is not clear that the agency proceeding is final or that all parties who intend to seek judicial review have done so. In addition, the Commission asserts that abeyance is needed to avoid the risk of multiple appeals being litigated in multiple courts, all challenging the same Commission orders. Each argument, however, fails in turn.

*First*, contrary to the Commission's allegation that it is unclear whether the agency proceeding is final (Abeyance Motion at 2), the Orders on Review are in fact final and appealable, and this Court has exclusive jurisdiction to affirm, modify, or set them aside, in whole or in part. *See* 16 U.S.C. § 825*l* (2024) ("Upon

the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it *shall be exclusive*, to affirm, modify, or set aside such order in whole or in part.") (emphasis added). Indeed, upon Respondent's filing of the Certified Index to the Record on July 28, 2025, this Court obtained exclusive jurisdiction to affirm, modify, or set aside the Orders on Review. *See id*.

The Commission seems to ignore the plain text of 16 U.S.C. § 825*l* and is effectively regarding the Rehearing Order as a type of tolling order. However, in invalidating the Commission's prior practice of issuing tolling orders, the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") recognized that the Commission has no authority to interfere with an "applicants' need for timely judicial review." *Allegheny Def. Project v. FERC*, 964 F.3d 1, 15 (D.C. Cir. 2020). Once rehearing is denied (by Commission action or by operation of law after 30 days), the order becomes final for purposes of judicial review and the appeal may proceed. *See id*. at 19. As such, finality is not contingent here on other parties' actions, as the Commission contends. *Cf*. Abeyance Motion at 2.

*Second*, Petitioners are under no obligation to file a new petition for review of the Rehearing Order or otherwise await the filing of an additional petition for review of the Rehearing Order from another party, because the Rehearing Order merely *modifies* the RRI Order, and accordingly, this Court has jurisdiction as a matter of law over any of Petitioners' arguments challenging the Rehearing Order.

*See Evergy Kansas Cent., Inc. v. FERC*, 77 F.4th 1050, 1054–55 (D.C. Cir. 2023) ("Unlike some rehearing orders — which are separate from and supersede the agency's original order — FERC's second order in this case merely *modified* its initial order. . . . That means that FERC's initial order — as modified — is still the operative order approving Southwest's proposal. And the Petitioners adequately 'specif[ied]' that order in their petitions for judicial review.") (citing *Sierra Club v. FERC*, 68 F. 4th 630, 646 (D.C. Cir. 2023) ("Petitioners were under no obligation to file a new petition for review" after FERC issued "an amendment to" its original order, because "their petitions adequately specif[ied] the orders to be reviewed.")); *Cent. Hudson Gas & Elec. Corp. v. FERC*, 138 F.4th 531, 534 (D.C. Cir. 2025). An order granting FERC's Abeyance Motion would disregard Petitioners' right to proceed without requiring Petitioners to file an additional petition for review.

*Third*, the Commission has no reasonable basis for its concern regarding judicial economy and efficiency, *i.e.*, that if the parties were to commence briefing before the deadline for a subsequent petition for review, "the Court (and perhaps multiple courts) could be confronted with multiple appeals running on multiple tracks, all challenging the same Commission orders." *See* Abeyance Motion at 4. The Commission's concern ignores the clear statutory directive located at 28 U.S.C. § 2112(a)(5), providing that "[a]ll courts in which proceedings are instituted with respect to the same order, other than the court in which the record is filed

pursuant to this subsection, shall transfer those proceedings to the court in which the record is so filed." This clear directive promotes judicial efficiency and economy by ensuring that this Court (not multiple courts) will have jurisdiction over any potential future petitions for review arising from the Orders on Review and the Rehearing Order, and that this Court will be able to adequately decide how to address such proceedings in the manner it deems appropriate and most efficient. *See Wynnewood Ref. Co., L.L.C. v. Occupational Safety & Health Rev. Comm'n*, 933 F.3d 499, 501 (5th Cir. 2019) (acknowledging, in accordance with 28 U.S.C. § 2112(a)(5), that an appeal shall be heard in the circuit court where the petition for review was first filed).

*Fourth*, the Commission alleges, yet again, that it is trying to protect the rights of other parties that sought rehearing and that might still wish to file a petition for review. *See* Abeyance Motion at 2-3. However, this argument is again based on sheer speculation. As Petitioners indicated previously in their July 21, 2025 response to the Commission's July 17, 2025 motion seeking an extension of time to file the agency record ("Response Opposing Extension of Time"), there were only six rehearing requests of the RRI Order (with some of the parties filing joint requests). *See* Response Opposing Extension of Time at 6. As the Petitioners had previously highlighted, even a cursory review of those rehearing requests shows that the parties opposed the RRI Order in whole or in part and that many of

the arguments overlapped with those made by SEIA and Invenergy. *See id*. at 6-7. Moreover, as Petitioners have explained, it is well understood that to protect a party's position, a petition for review should be filed within 60 days of denial of rehearing by operation of law. *See id*. at 7. As such, the Court should not afford any weight to the Commission's concerns regarding the rights of other parties that requested rehearing to now seek review, as such concerns are unfounded and speculative, and certainly do not justify interfering with Petitioners' "need for timely judicial review." *See Allegheny Def. Project*, 964 F.3d at 15.

*Fifth*, in issuing the July 24, 2025 Order, wherein the Court denied both Petitioners' motion to expedite the appeal as well as the Commission's motion for an extension of time to file the agency record, the Court clearly sought to strike a reasonable balance between the parties' interests with respect to the appeal's procedural schedule. Granting the Abeyance Motion would upset that balance, and, accordingly, the Abeyance Motion should be denied. Put another way, it is unclear how this Court would have ruled on Petitioners' motion to expedite had it known that the Commission, despite asking for a two-month extension for filing the agency record in order to issue the Rehearing Order, would file the Rehearing Order on July 28, 2025, as well as the agency record, and then move to suspend the July 29-issued briefing schedule, hold the appeal in abeyance for 65 days, and give

the parties another 14 days to file a motion to govern that included a proposed briefing schedule.

*Finally*, Petitioners reiterate that it is imperative for the Court to proceed with this Petition in accordance with the briefing schedule contemplated in the Court's July 29, 2025 briefing directive (as temporarily stayed by the Court's August 4, 2025 directive), and for the Court to reject the Abeyance Motion. As Petitioners previously explained, this matter should not be delayed, as it raises issues of national importance: the reliability of the regional grid serving approximately 65 million people in 13 states and the District of Columbia; the erosion of fundamental principles of open access, the filed rate doctrine, and regulatory certainty; and preventing the clear error of the Commission from further harming SEIA and its members and Invenergy. *See* Response Opposing Extension of Time at 2. This is not a petition for review involving a parochial matter of little import. Instead, the Commission's RRI Order involves an issue that is time sensitive given the asserted need to ensure that there are adequate resources to meet load growth in PJM Interconnection, L.L.C. *See id*.

WHEREFORE, for the foregoing reasons, Petitioners respectfully request that the Commission's Abeyance Motion be denied.


*/s/ Melissa Alfano*
Melissa Alfano
Senior Director of
Energy Markets and Counsel
SOLAR ENERGY INDUSTRIES ASSOCIATION
1425 K Street, N.W.
Washington, DC 20005
Tel: (202) 556-2873
Email: malfano@seia.org

*Counsel for*
*Solar Energy Industries Association*

*/s/ Norman C. Bay*
Norman C. Bay
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC 20036
Tel: (202) 303 1155
Email: nbay@willkie.com

*Counsel for*
*Invenergy Renewables LLC*

*/s/ Steven M. Shparber*
Steven M. Shparber
Omar Bustami
MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO
555 12th Street, N.W., Suite 1100
Washington, DC 20004
Tel: 202-434-7417
Email: SShparber@mintz.com
OBustami@mintz.com

*Counsel for*
*Solar Energy Industries Association*


August 8, 2025

# CERTIFICATE OF COMPLIANCE

I hereby certify that this reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2). This reply contains 1705 words, excluding the portions of the response exempted by Federal Rule of Appellate Procedure 32(f). I further certify that this reply complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule Appellate Procedure 32(a)(6). This reply has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

*/s/ Norman C. Bay*
Norman C. Bay
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC 20036
Tel: (202) 303 1155
Email: nbay@willkie.com

*Counsel for Invenergy Renewables LLC*

Dated: August 8, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2025, the foregoing document was filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit via the CM/ECF system. Counsel was served through the CM/ECF system.

*/s/ Norman C. Bay*
Norman C. Bay
WILLKIE FARR & GALLAGHER LLP
1875 K Street, N.W.
Washington, DC 20036
Tel: (202) 303 1155
Email: nbay@willkie.com

*Counsel for Invenergy Renewables LLC*