# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| SOLAR ENERGY INDUSTRIES ASS'N AND INVENERGY RENEWABLES LLC, <br><br> *Petitioners*, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, <br><br> *Respondent*. | No. 25-2124 |

### REPLY OF RESPONDENT
### FEDERAL ENERGY REGULATORY COMMISSION
### IN SUPPORT OF ITS MOTION TO HOLD APPEAL IN ABEYANCE

On July 28, 2025, the Federal Energy Regulatory Commission issued a reasoned order in the proceeding here on review that responded to numerous applications for rehearing. It is black-letter law that any aggrieved party to a FERC proceeding may petition for review within 60 days of that order—i.e., by September 26, 2025. *Am. Whitewater v. FERC*, 125 F.4th 1139, 1151–1152 (D.C. Cir. 2025); *N.Y. State Dep't of Env't Conservation v. FERC*, 991 F.3d 439, 446 (2d Cir. 2021); *see* 16 U.S.C. §825*l*(a)–(b). Contrary to Petitioners' suggestion (Opp. at 7), a party is not required to seek judicial review within 60 days of the Commission's

notice, issued 30 days after a rehearing request is filed, that a rehearing request may be deemed denied.[1] While that is an option, the Federal Power Act also permits parties to petition for review within 60 days of the Commission's issuance of a reasoned rehearing order.

Only two parties have thus far sought judicial review (Petitioners here), but nine others may yet do so within the 60-day period. *See* FERC Mot. at 3. In such a circumstance, it is premature to proceed with briefing just because *some* party sought judicial review earlier rather than later; the Federal Power Act does not preference early movers. And basic concepts of efficiency counsel against the multiple rounds of briefing that could result from setting a briefing schedule for a first-in-time petition, only to set additional briefing schedules for later-filed ones. Instead, the proper course is to hold Petitioners' appeal in abeyance until all parties to the case are known, thus vindicating the "standard of one case, one appeal."[2] *State of Alaska v. FERC*, 980 F.2d 761, 764 (D.C. Cir. 1992).

---

[1] *E.g.*, *Am. Whitewater*, 125 F.4th at 1151 (confirming timely filing of a petition that was filed 32 days after issuance of the rehearing order, even though that date fell 94 days after the Commission's 30-day denial notice); *New York*, 991 F.3d at 446 (similar); *see also Pub. Serv. Elec. and Gas Co. v. FERC*, No. 25-1165 (D.C. Cir.) (petition filed 59 days after rehearing order issued, which was 228 days after the Commission's 30-day denial notice).

[2] *E.g.*, *Lackawanna Energy Ctr. LLC v. FERC*, No. 24-1307 (D.C. Cir.), Docs. 2081566, 2083731 (granting FERC's requested 60-day abeyance to allow parties to seek further rehearing and judicial review of a recent rehearing order);

Accordingly, the Commission respectfully requests a short abeyance of the above-captioned appeal until October 1, 2025. The parties would file a motion(s) to govern—including a proposed briefing schedule—within 14 days thereafter.

1. Abeyance in this case flows directly from the plain text of the Federal Power Act. The statute protects an aggrieved party's right to seek judicial review so long as it files its petition within 60 days of the Commission's "order upon the application for rehearing." 16 U.S.C. §825*l*(b). And the immediately preceding section provides that, "[u]nless the Commission acts upon the application for rehearing within thirty days after it is filed, such application *may* be deemed to have been denied." §825*l*(a) (emphasis added). The upshot is that "[a]lthough a rehearing request *may* be deemed denied 30 days after it is filed, that does not mean that it *must be* and a litigant may either appeal after 30 days have elapsed or wait for the Commission to act" and seek review within 60 days thereafter. *Am. Whitewater*, 125 F.4th at 1151–1152 (discussing 16 U.S.C. §825*l*(a)–(b)); *accord New York*, 991 F.3d at 446 ("[T]he 30-day timeline in subsection (a) binds only the agency, affording the aggrieved party discretion to either proceed to federal court after the expiration of the 30-day window or wait until FERC's order denying

---

*Ctr. for Biological Diversity v. FERC*, No. 20-1379 (D.C. Cir.), Docs. 1866318, 1865551 (similar).

rehearing as prescribed in subsection (b)."). Indeed, "[i]t would be an unreasonable result to deem the time for appealing to the courts to have passed if the Commission does act on the rehearing request more than 60 days after those 30 days elapse." *Am. Whitewater*, 125 F.4th at 1152 (cleaned up).

    2.  Petitioners' opposition is rooted in a misreading of the Federal Power Act, which leads them to advocate for just such an "unreasonable result." *See id*. By asserting that "to protect a party's position, a petition for review should be filed within 60 days of denial of rehearing by operation of law" (Opp. at 7), Petitioners effectively supplant the statute's permissive language with mandatory text. Instead of honoring the statute's vesting of discretion in all aggrieved parties to decide *whether* to deem a rehearing request denied after 30 days, Petitioners would effectively impose a 30-day deemed denial on *all* parties. That approach transforms the statute's provision that a rehearing "application *may* be deemed" denied, §825*l*(a) (emphasis added), into a dictate that such "application *shall* be deemed" denied.

    Petitioners' atextual approach leads their argument to some unusual places. Because Petitioners believe that any aggrieved party should have, like them, sought judicial review by June 13, 2025 (60 days after the deemed denial), they urge the Court "not [to] afford any weight to the Commission's concerns regarding the

4

rights of other parties that requested [FERC] rehearing." Opp. at 7. But the Federal Power Act does not dispense with other parties' rights just because Petitioners sought judicial review first. *See Am. Whitewater*, 125 F.4th at 1152; *New York*, 991 F.3d at 446.

    3. What's more, Petitioners' approach would prejudice those aggrieved parties that, in appropriate circumstances, request additional Commission rehearing within 30 days of the Commission's latest order. *See* FERC Mot. at 2–3. Such a request would "prevent[]" either the February 11, 2025 Initial Order or the July 28 Rehearing Order "from becoming final," thus rendering premature appellate briefing *now*. *See Valero Interstate Transmission Co. v. FERC*, 903 F.2d 364, 368 (5th Cir. 1990).

    Petitioners' contention that further rehearing would convert the July 28 Rehearing Order into a "tolling order" (*see* Opp. at 4) is meritless. The Commission's now-defunct practice of issuing tolling orders consisted of terse statements at the 30-day mark that the agency would later issue a reasoned order responding to rehearing requests. *Allegheny Defense Project v. FERC* rejected *that* practice, not the prerogative of parties to seek further rehearing of a reasoned rehearing order. *See* 964 F.3d 1, 16–17 (D.C. Cir. 2020) (en banc). *Cf.* Opp. at 4.

5

4. Finally, as the Commission explained, a short abeyance is necessary to ensure that all parties' petitions are adjudicated in the same proceeding in a single forum. FERC Mot. at 4. Petitioners rejoin that 28 U.S.C. §2112 ensures that all appeals will be heard in the same court, Opp. at 5–6, but that is nonresponsive. True, §2112(a)(5) might require another court that eventually receives a petition challenging the same FERC orders to transfer that appeal to this Court. *See* §2112(a)(5) (requiring courts in which petitions are filed to transfer those petitions to the court in which the agency record is filed). But that does little to promote orderly judicial review if briefing is already underway in the above-captioned appeal. Section 2112(a)—which is geared at promoting judicial economy by locating all petitions of an agency order in one court—certainly does not require commencement of briefing before all petitions are transferred *to* such court. *See generally* §2112(a). To the contrary, the statute contemplates waiting until all petitions are received before briefing commences. *See* §2112(a)(5) (providing that, *after* all petitions are consolidated in a single court, that court "may *thereafter* transfer all the proceedings with respect to [an agency] order to any other court of appeals" (emphasis added)).

\*   \*   \*

The Commission respectfully requests that the Court hold the above-captioned appeal in abeyance until October 1, 2025. The parties would file a motion(s) to govern—including a proposed briefing schedule—within 14 days thereafter.

Respectfully submitted,

Robert H. Solomon
Solicitor

*/s/ Jared B. Fish*
Jared B. Fish
Senior Attorney

Federal Energy Regulatory
  Commission
Washington, DC  20426
Tel.:  (202) 502-8101
Email: jared.fish@ferc.gov

August 12, 2025

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this motion contains 1,322 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Equity A 14-point font using Microsoft Word 365.

/s/ *Jared B. Fish*
Jared B. Fish
Senior Attorney

Federal Energy Regulatory
  Commission
Washington, DC  20426
Tel.:  (202) 502-8101
Email: jared.fish@ferc.gov

August 12, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

>   */s/ Jared B. Fish*
>   Jared B. Fish
>   Senior Attorney